**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANTHONY LAMBERT, SR.; MARION
KNIGHT LAMBERT,
<u>Plaintiffs-Appellants,</u>

v.

BRENDA G. WILLIAMS, individually
and in her official capacity as a
social worker; VELVEETA R. REID,
individually and in her official
capacity as a social worker;
DARLENE REID, individually and in
her official capacity as a social
worker; ALICE E. STALLINGS,
individually and in her official

capacity as service supervisor;
VIOLA SPIVEY, individually; WILLIE
BINES, individually; GWENDOLYN C.
COLEMAN, individually and in her
capacity as Director, Pasquotank
County Department of Social
Services; PASQUOTANK COUNTY
DEPARTMENT OF SOCIAL SERVICES;
PASQUOTANK COUNTY BOARD OF
SOCIAL SERVICES; PASQUOTANK
COUNTY, NORTH CAROLINA; BOARD OF
COMMISSIONERS, PASQUOTANK
COUNTY,
<u>Defendants-Appellees.</u>

No. 98-2070

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Terrence W. Boyle, Chief District Judge.
(CA-98-9-2-BO)

Submitted: December 15, 1998

Decided: December 29, 1998

Before MURNAGHAN, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

_____

**COUNSEL**

Anthony Lambert, Sr., Marion Knight Lambert, Appellants Pro Se. Robert Harrison Sasser, III, Coleman M. Cowan, WOMBLE, CAR-LYLE, SANDRIDGE & RICE, Raleigh, North Carolina; Thomas Giles Meacham, Jr., OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony Lambert, Sr., and Marion Lambert appeal from the district court's order dismissing their 42 U.S.C.A. § 1983 (West Supp. 1998) action as barred by res judicata. As to all but the malicious prosecution claim, we affirm on the reasoning of the district court. The Lamberts filed earlier actions alleging misconduct by several parties involved in the Lambert children's child abuse and neglect case. Because there were final judgments on the merits in the earlier actions, identity of the cause of action in the earlier cases and the instant case, and identity of the parties or their privies, we find that

2

the district court correctly concluded that all claims but that of malicious prosecution are barred by res judicata. See Hogan v. Cone Mills Corp., 337 S.E.2d 477, 482 (N.C. 1985).

The Lamberts allege that Defendants maliciously pursued the child abuse and neglect case. To support a malicious prosecution claim in North Carolina, a "[p]laintiff must establish four elements[:] . . . (1) defendant initiated the earlier proceeding; (2) malice on the part of the defendant in doing so; (3) lack of probable cause for the initiation of the earlier proceeding; and (4) termination of the earlier proceeding in favor of the plaintiff." Best v. Duke Univ., 448 S.E.2d 506, 510 (N.C. 1994). Here, the fourth element, termination of the prior proceeding in the Lamberts' favor, did not occur until February 1995. Both of the Lamberts' earlier actions ended before 1995. Because the malicious prosecution claim was not ripe until 1995, res judicata based on the two earlier cases does not preclude the Lamberts from raising this claim.

For these reasons, we vacate in part and remand for further proceedings on the malicious prosecution claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED AND REMANDED IN PART

3